UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 10-1343-JST (RNBx)                    Date: September 9, 2010
Title: PATRICIA ADKINS v. WELLS FARBO BANK, N.A., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                 Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER DENYING PLAINTIFF'S *EX PARTE* PETITION FOR INJUNCTIVE RELIEF**

Plaintiff Patricia Adkins submits an *ex parte* petition for a temporary restraining order ("TRO") and preliminary injunction against Defendants Wells Fargo Bank, N.A. and First American Loanstar Trustee Services. Plaintiff alleges multiple claims against Defendants related to an underlying mortgage transaction and seeks to prevent Defendants from conducting a foreclosure sale on her property located at 5452 Jefferson Street, Yorba Linda, CA 92886.[1]  Plaintiff's petition is DENIED.

Plaintiff's request for a temporary restraining order fails because she has not "clearly" shown through "specific facts" that "immediate and irreparable injury, loss, or damage will result to [Plaintiff] before [Defendant] can be heard in opposition" or "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(a)-(b). Plaintiff merely states that the Court should enter injunctive relief "without notice to Defendant" because "Defendant has scheduled [the foreclosure] sale for the week of September 13th, 2010." (Pet. at 32.) Plaintiff fails to provide any evidence verifying that a foreclosure sale on her property will actually occur, such as a date and/or time. As a practical matter, the Court cannot enjoin an event which, to the Court's knowledge, is not definitely scheduled.  Lastly, Local Rule 65-1 requires that a party seeking a TRO submit a proposed TRO along with its application.  C.D. Cal. R. 65-1.  Plaintiff has failed to do so.

---

[1] The Court notes that Plaintiff's "Petition for Temporary Injunction," also makes reference to the need for a preliminary injunction. (Pet. at 32.) Accordingly, the Court will address Plaintiff's petition as having requested both forms of injunctive relief.

| CV-90 (10/08) | CIVIL MINUTES – GENERAL | 1 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 10-1343-JST (RNBx)                                                    Date:  September 9, 2010
Title: PATRICIA ADKINS v. WELLS FARBO BANK, N.A. et al.

---

Even if Plaintiff's petition did not fail for these substantive shortcomings, the Court must abstain from exercising jurisdiction in this matter. Publicly-available state court filings reveal that Plaintiff has a pending action in the Orange County Superior Court of California against Defendants regarding the same property and seeking the same or similar relief. *See Patricia S. Adkins v. Wells Fargo, N.A. et al.*, Case No. 30-2010-00359996. To the extent that Plaintiff requests the Court to interfere with an ongoing state court proceeding that implicates important state interests and allows Plaintiff to raise federal claims, the Court must abstain from exercising jurisdiction. *Younger v. Harris*, 401 U.S. 37 (1971); *see Middlesex Country Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431-32 (1982); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1449 (9th Cir. 2007) (confirming that federal courts should abstain "if the court's action would enjoin, or have practical effect of enjoining state court proceedings"). Hence, any request for injunctive relief should be made in the state court proceeding.

For the aforementioned reasons, the Court DENIES Plaintiff's application.

Initials of Preparer: <u>enm</u>